STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. EMIL VON DER LINDEN, PLAINTIFF IN ERROR.

Submitted February 15, 1929—Decided October 14, 1929.

For the defendant in error, *John Drewen*.

For the plaintiff in error, *Edward M. Salley*.

The opinion of the court was delivered by

Bodine, J. The defendant, Von Der Linden, was tried before a jury on a charge of murder and convicted of manslaughter.

It appears that on the evening of January 9th, 1928, the defendant, then a police officer of West New York, went with a friend to a saloon in Guttenberg. They found a number of men in the saloon and among them Robert Albaricci. An argument ensued between the defendant and this man. The merits of the dispute are not apparent. There is evidence that the defendant said, as they left the saloon, they would settle the matter outside. At all events, when one of the men, who had been present when the argument occurred, opened the door, he saw Albaricci on the sidewalk and the defendant was holding on to him with one hand and hitting him with the other. Interference appearing, Von Der Linden went off and Albaricci was carried into the saloon, where he revived, but later died of a fractured skull.

The court cannot set aside this verdict as against the weight of the evidence. There is no proof whatever that the verdict was the result of a mistake, passion, prejudice or partiality. *State* v. *Karpowitz*, 98 *N. J. L.* 546, 550.

The prosecutor asked the defendant, Von Der Linden, on cross-examination, the following question: "You did not have a fight with him [Albaricci] back of Sneider's saloon a year before that?" The error assigned respecting this question is that it was harmful to bring before the jury a previous fight between these men. The answer to the question was in the negative. However, Von Der Linden, on his direct examination, had testified that he did not know Albaricci before the encounter in the saloon and had never

seen him; that on leaving the saloon Albaricci had followed him, calling him ugly names, and on the street had struck him. Certainly, the testimony made the previous acquaintance of the men a proper subject of inquiry in so far as it might affect the weight of the defendant's account of the affair. There was no abuse of discretion by the trial judge in allowing this question. *Davenport* v. *Patterson,* 98 *N. J. L.* 65, 66. The extent to which a party or witness may be cross-examined for the purpose of affecting his credibility rests in the sound discretion of the trial court, whose action will not be revised on appeal unless an abuse of such discretion is made to appear. 40 *Cyc.* 2570.

The next assignment of error relates to the action of the trial court in sustaining objections to questions tending to prove that the defendant did not have a blackjack. These questions were immaterial in view of the fact that the prosecutor had not proved that the blow was inflicted by a blackjack and had so stated. The court must restrict the examination of witnesses to material inquiry.

Certain character witnesses, called on behalf of the defendant, testified as to his reputation for peacefulness and quiet. They were asked, over objection, if they knew of the defendant's arrest and conviction for various offenses involving a breach of the peace. In this there was no error. 22 *Corp. Jur.* 483. The object of such inquiry being to test the accuracy and candor of the witness—always a proper purpose on cross-examination.

Mr. Wigmore says (1 *Wigm. Ev., 2d ed.,* § 197) : "When the defendant offers his good character and a witness testifies to the defendant's good reputation for the trait in question, one way of testing the honesty and accuracy of the witness' assertion of the prevalence of this reputation is to find out from him whether this or that rumor of flagrant misconduct has come to his notice. If one or more such rumors are known to him, obviously his broad assertion of the prevalence of good reputation is more or less inconsistent with his knowledge of such rumors. The purpose of the inquiry is to show that one knowing of certain rumors has nevertheless rashly as-

.serted a reputation inconsistent with the rumors. Thus, the defendant's misconduct is not inquired after as a fact, to show his character; but as a rumor, to discredit the witness' assertion. A question, therefore, which does not expressly refer to the witness' hearing of the conduct as rumored, is improper, because it aims apparently at the conduct as a fact showing the defendant's character."

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.