46 N.J. Super. 463 (1957)
135 A.2d 20
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BENEDICT JOSEPH RAYMOND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 29, 1957.
Decided October 3, 1957.
*466 Before Judges CONFORD, HANEMAN and EWART.
Mr. Cuddie E. Davidson, Jr., argued the cause for plaintiff-respondent (Mr. H. Russell Morss, Jr., and Mr. Calvin J. Hurd, attorneys).
Mr. Frederick Klaessig argued the cause for defendant-appellant.
The opinion of the court was delivered by HANEMAN, J.S.C. (temporarily assigned).
Defendant was convicted in the Union County Court of open lewdness, in violation of N.J.S. 2A:115-1. The specific acts alleged and relied upon were acts of carnal linguism on three boys. The defendant, in addition to a denial under oath, produced various character witnesses by way of defense.
The defendant asserts, inter alia, that the trial court erred in admitting certain questions by the prosecutor upon the cross-examination of defendant's character witnesses. These questions concerned the witnesses' knowledge of defendant's admitted prior conviction in 1944 for practicing law without a license. R.S. 2:111-2. That crime was downgraded to disorderly conduct in 1952 (N.J.S. 2A:170-79) and defendant asserts that since the commission of the act no longer constitutes a crime, reference thereto was reversible error.
These questions were posed in the form of "Did you know" that defendant had been convicted. The questions posed assumed the fact of defendant's prior conviction of crime and this brought that matter before the jury before defendant took the stand and before he was given an opportunity to admit or deny the prior conviction, thus prematurely raising the question of the credibility of defendant's testimony in his own behalf. Defendant, however, did not raise any *467 objection to the form or substance of these questions at the trial. He presently objects to their substance, not their form, and invokes the rule of plain error. R.R. 1:5-1(a).
At the outset, it should be noted that the form of the prosecutor's question was improper. It should not have been "Did you know?" but rather "Have you heard?"
A defendant in a criminal trial may offer evidence of his good reputation in the community for the specific trait in issue. Although the State may not, as part of its affirmative case, adduce proof of a bad reputation, when the defendant presumes to so attempt to prove his good reputation, the door is opened to the State for rebuttal. The State may, as a part of such rebuttal, cross-examine the character witnesses as to whether they had heard rumors in the neighborhood or community of acts, conduct or charges prior to the offense presently asserted by the State. The questions should not be in such form as to elicit the witnesses' personal knowledge of the commission of any of the alleged acts. State v. Von Der Linden, 105 N.J.L. 618 (E. & A. 1929); State v. Steensen, 35 N.J. Super. 103 (App. Div. 1955); Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).
The purpose of such attack by the State is not to establish the fact of the alleged conduct but rather the existence of the rumor thereof. Its object is to test the character witnesses' credibility and not the defendant's credibility. State v. Steensen, supra. Insofar as the question contemplated an attempted ascertainment of the public knowledge of defendant's conviction of a prior crime, it was proper. But, asserts defendant, the question was, in any event, improper, since the commission of the act of which he had been convicted no longer constituted a crime, and evidence of his commission of a crime only may be shown to test defendant's credibility. He ignores entirely the purpose of the cross-examination. It is to test the credibility of the witness, i.e., to ascertain whether even though he had heard rumors of misconduct he still conceived the defendant to have a good reputation, and hence his *468 standards of good reputation are unsound, or he lacks good faith or has no knowledge of defendant's reputation.
The defense seeks to establish, by its character witnesses, the good reputation of the defendant in the community in which defendant resides. The witness professes that he knows the reputation of the defendant in the community and his knowledge is based upon what others in the community have said of defendant's character. The purpose of examining the witness is to ascertain the extent of his knowledge of defendant's character in the community and to determine the basis of the witness' conclusion of good character. Thus, the prosecution seeks to discount such testimony by showing that the witness' knowledge is too limited to be of value, and that he is not a good judge of character.
The cross-examination does not concern itself with the credibility of the defendant until defendant offers himself as a witness. If the answer to the propounded question incidentally reflects upon the defendant's credibility in advance of his taking the stand, he cannot be heard to complain, as this result eventuates from his attempt to defend by bolstering his reputation.
As pointed out in State v. Steensen, supra, the burden rests upon the trial court to strictly control the cross-examination for fear that it may transcend proper bounds.
The defendant further argues that the downgrading of the illegal practice of law from the category of a crime to the category of disorderly conduct makes the question improper. Not so. Again he ignores the theory upon which any such cross-examination is permitted, i.e., an attack upon the credibility or reliability of the character witness. He may be cross-examined, within proper limits of course, imposed by the trial judge, as to the rumor of any act or conduct which, if known, might reflect discredibility upon his reputation. There is no necessity that such act constitutes a crime or that the defendant be convicted of a crime. The nature of the questions propounded upon direct examination control, to some extent, the questions propounded upon *469 cross-examination. Here, the questions and answers upon direct examination clothed the question to which objection is made with propriety because they extended to the defendant's reputation for honesty. It is immaterial, therefore, whether the offense had been downgraded since defendant's conviction therefor, or whether, as a matter of fact, he had ever been convicted of a crime. In any event, we are of the opinion that to the extent that conviction of a crime may be regarded as affecting a person's reputation, the crucial date for determination is the date when the crime for which the current prosecution is being tried was committed. We are of the opinion that questions concerning a prior conviction for a crime, to be admissible, must concern themselves with a conviction which was had on a date preceding the date of the alleged crime for which the defendant is being tried.
Defendant also seeks reversal upon prosecutor's following question to the witness Ali: "Do you know that he is presently under indictment by the grand jury of Hudson County as of April of this year?" To this question objection was made and sustained. The record does not clearly establish whether the question contemplated an indictment which antedated or postdated the indictment for the crime for which defendant was being tried. Plainly, if the question concerned itself with an indictment which was returned subsequent to the indictment upon which defendant was then being tried, it was improper, since the question is the defendant's reputation for the trait in issue at the time of his alleged commission of the act.
The cross-examination, as above pointed out, is not to be restricted to criminal convictions, as in an attack upon the defendant's credibility, but may concern itself with rumors of acts, conduct, or even arrests for which no indictment was ever had. In any event, the objection was sustained and, in our opinion, on the entire case there was no such prejudice as would warrant upsetting the conviction. R.R. 1:5-1.
Defendant's other grounds of error, i.e., (1) the trial court erred in its charge in refusing to charge as requested; *470 (2) the verdict was against the weight of the evidence, and (3) the prosecutor's request that the witness Miller be held for perjury, are without merit.
An examination of the entire record does not disclose that the defendant suffered manifest wrong or injury. R.R. 1:5-1; State v. Morriggi, 15 N.J. Super. 479 (App. Div. 1951); State v. Orecchio, 16 N.J. 125 (1954); State v. D'Ippolito, 22 N.J. 318 (1956).
Affirmed.
CONFORD, J.A.D. (concurring).
The testimony adduced on behalf of the State was detailed, direct, and very strongly evidential of the defendant's guilt of the charge for which he was tried, at least with respect to two of the boys in question, and adequately supported a conviction as to the third boy, also.
Defendant at the trial made no objection to the questions on cross-examination of the character witnesses, except as to the question concerning a pending indictment, and that question was overruled upon objection. On this appeal defendant made no contention with respect to the form of the questions on cross-examination of the character witnesses at all. The subject was introduced in the brief of the State, which, with admirable candor, confessed its impropriety. It points out, however, not only that no objection was made but that defendant chose, on his own direct examination, to give in detail the full story of his prior convictions both for open lewdness in 1949 and for illegally practicing law in 1944. This, in my judgment, constituted a waiver of any impropriety in the development of that subject matter by the State on cross-examination of the character witnesses. I am in agreement with the conclusion set forth in the opinion filed for the court that neither in the foregoing respects nor in any other has the defendant established such manifest wrong or injury, in the light of the record as a whole, as would warrant interference with the judgment of conviction.