SHANNON, Chief Judge.
The appellant was convicted under two separate informations for obtaining property in return for worthless checks, and he has appealed both convictions. The cases were consolidated for trial in the lower court, and we have consolidated them for appeal, the question involved herein being common to both cases.
In the course of the trial the State had the burden of proof of identification of the signature of the defendant, and for this purpose put into evidence fingerprint cards from the Police Department of St. Petersburg and the Sheriff’s Office of Pinellas County, both of which were signed by the defendant. The defendant objected on the grounds that the State was attempting to introduce into evidence his character at a time when the defendant’s character was not in issue. In the absence of the jury the court ruled that everything on the cards should be blocked out except the signatures. The State was then allowed to show that the signatures on the fingerprint cards were those of the defendant.
The defendant-appellant alleges that the witnesses in speaking of these cards repeatedly referred to them as “fingerprint cards,” and that the State was attempting to lead the jury to believe that the accused “should be found guilty because of his prior unlawful activities and association or connection with the law enforcement officials of Pinel-las County and that the State at that time was attempting to accomplish the forbidden end of attacking the character of the accused by an indirect method.” The appellant cites State v. Boyd, 1952, 8 Terry 370, 47 Del. 370, 91 A.2d 471, as persuasive authority. In that case, on the question of identification, the State examined a police detective, and the following dialogue ensued:
“Q. Did Wells describe his assailant? A. He did.
“Q. Did he identify him in any other way? A. He did.
“Q. In what way did he identify him ? A. I returned to Wells’ home at about twelve noon with the picture of James C. Boyd, alias 'Curley’. This picture is under our file number 7868 and he identified this picture.
“Mr. Miller: I object to that and move for mistrial on the ground that it is prejudicial.”
The motion for mistrial was denied, but the appellate court reversed and awarded a new trial. The reasoning of the appellate court was that: “This testimony was incompetent and prejudicial not only because of the reference to the police file but also because of the reference to an alias. To the average person both references carry the con *169 notation of unlawful activities.” In the instant case everything was obliterated on the cards except the signature. In the Boyd case there was a police number and there was also an alias. There is a very distinct difference between the testimony in the Boyd case and the testimony in the instant case.
In a Texas case, Bundren v. State, 1948, 152 Tex.Cr.R. 45, 211 S.W.2d 197, we have our exact question decided, except that in the Bundren case the term used was a “fingerprint record,” while in the case at bar, the cards were referred to as “fingerprint cards.” The Texas court, in disposing of the appellant’s contention, stated:
“Of course, State’s counsel cannot and should not endeavor to get facts before a jury by inference which are not provable directly. But we are unable to agree with appellant that such is the case here presented. About the most favorable interpretation, from appellant’s standpoint, is that the jury received evidence that appellant had been fingerprinted by both the State and Federal departments. Such fact does not establish that appellant was an ex-convict or that he had been previously convicted of crime. Fingerprints are a means of identification and for that purpose the citizenship of this country are urged to have a fingerprint record established. We cannot, therefore, bring ourselves to the conclusion that proof of the fact that one has an established fingerprint record is proof of the fact that he is a criminal or has previously been convicted of crime. To accept appellant’s contention we would be required to so hold.”
We have studied the remaining contentions of the appellant and find no reversible error in them.
Affirmed.
ALLEN and SMITH, JJ., concur.