Willard P. FREEMAN, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

May 8, 1968.

James A. Walsh, Wilmington, for defendant below, appellant.

Richard G. Elliott, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

Willard P. Freeman was convicted of assault with intent to murder,[1] burglary in the fourth degree,[2] and conspiracy to commit the latter offense. He appeals on the ground (1) that there was no evidence of intent or malice sufficient to support the conviction of assault with intent to murder; and (2) that the Trial Court erred in not granting a mistrial or a new trial in view of references during the trial to the defendant's prior criminal record.

The State adduced evidence from which the jury would have been warranted in finding the following facts:

William E. Swinney was a night watchman in a mushroom plant. At about 1:30 A.M., he heard noises emanating from the

---

1. 11 Del.C. § 577 provides:
   "§ 577. Assault with intent to murder
   "Whoever, with violence, assaults another with intent to commit murder is guilty of a felony, * * *."

2. 11 Del.C. § 395 provides:
   "§ 395. Burglary in the fourth degree
   "Whoever,

"1. With intent to commit a crime therein, whether such intent be executed or not, breaks and enters a building, or a room, or any part of the building; or,

"2. Being in any building, commits a crime therein and breaks out of the same, is guilty of burglary in the fourth degree and a felony, * * *."

company office on the second floor of the building. When he looked into the office, a man shouted: "Here he comes." Then, three men ran out of the office, down the steps, and out of the building in single file. The last of the three in the building fired a pistol shot at Swinney. The defendant Freeman was the last man out and he was the assailant. The bullet struck a flashlight Swinney was carrying directly in front of him. Fortunately, the bullet ricochetted and struck Swinney's thumb only. Entrance to the plant had been gained through a window by use of a pry bar and sledge hammer; and two safes in the office were damaged. At about 4:30 A.M. on the same morning, Freeman returned home, highly nervous and excited, and told his paramour that he had shot a man while burglarizing the mushroom plant.

■ As to the sufficiency of the evidence: the law implies malice from the use of a deadly weapon. Ruffin v. State, 11 Terry 83, 123 A.2d 461 (1956). The evidence that Freeman fired a gun at the watchman, under the circumstances of this case, would have supported a conviction of second degree murder if Swinney had been killed by the bullet. Compare Jenkins v. State, Del., 230 A.2d 262 (1967). The evidence in this case, therefore, is sufficient to support the conviction of assault with intent to murder; and the Trial Court was clearly correct in denying the motion for acquittal on that ground.

As to the references during the trial to Freeman's prior criminal record: Freeman's paramour testified as a witness for the State. Upon direct examination by the prosecutor, she testified that, when Freeman returned home on the morning of the crime, she immediately urged him to surrender himself to the police, but that he declined saying: "No, with my record I won't." [3] A defense motion for mistrial at this stage was denied. Upon cross-examination by defense counsel, the paramour volunteered the information that Freeman was in prison in another State in the interval between the offense and the trial.[4] The motion for mistrial was renewed at this point and again denied. A motion for new trial on this ground was also made and denied.

■ The testimony as to prior criminal record was improper and inadmissible; and the statements should have been ordered stricken and the jury should have been cautioned to disregard them, even though no request therefor was made by counsel. The question before us for decision, however, is whether the Trial Court abused its discretion in denying the motions for mistrial and new trial on this ground. We cannot say that there was such abuse of discretion.

■ The evidence of guilt was strong and convincing. An accomplice testified that he was one of the three burglars who ran from the building; that Freeman was

---

3. The testimony of the paramour was as follows:
"Q What did you and Mr. Freeman then do?
"A I said, 'Billy, maybe you didn't kill him.' I said, 'Maybe there is a chance you just hurt him.' I said, 'The best thing you could do is call the police and perhaps you will stand a chance.'
"He said, 'No, with my record I won't.' I said, 'What are you going to do?'
"I said, 'Let's wait. If the man isn't dead or if he's dead, we'll know for sure because it will be on the news.' We waited and the early news broadcast came and it said the man wasn't dead and he had just been shot in the hand."

4. The paramour testified as follows:
"Q * * * sometime between April and June, 1966, Mr. Freeman was in Baltimore, Maryland, was he not?
"A Yes.
"Q And are you familiar with the law firm by the name of Freedman & Goodman of Baltimore?
"A Yes.
"Q Didn't you aid Mr. Freeman in getting back to Wilmington?
"A Yes, I loaned Mr. Freeman $500. I paid his attorney.
"Q And he was out of the State at this time?
"A He was in prison."

the only one of the three in the building when the shot was fired. This evidence, combined with the testimony of the paramour that a distraught Freeman came directly from the scene of the crime and confessed his participation therein, more than counterbalanced the defense of alibi as to which Freeman and his new paramour, the daughter of the old, were the only witnesses. The weight of the evidence, therefore, was not in such close balance in our view, as to impel us to conclude that the denial of the motions for mistrial and new trial, on the ground of the references to prior criminal record, constituted an abuse of sound judicial discretion. Compare State v. Boyd, 8 Terry 370, 91 A.2d 471 (1952).

Accordingly, the judgment below is affirmed.