Boyce L. WOODS, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Nov. 26, 1973.

Petition for Reargument Denied
Dec. 28, 1973.

Stephen B. Potter, of Sullivan, Potter &
Roeberg, Wilmington, for defendant below,
appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

HERRMANN, Chief Justice:

The defendant was convicted of rape. This appeal involves an áttack upon the propriety of the prosecuting attorney's cross-examination of the defendant's character witnesses. The defendant contends that he was denied a fair trial due to certain groundless and prejudicial questions asked those witnesses.

I.

The defendant was charged with the rape of a member of a choral gospel group of which he was the leader.

■ At trial, the defense was consent. Because of the lack of any substantial evidence against him, other than the testimony of the prosecutrix, the case was a close one. Seeking to establish that his lifestyle and character were indicative of his inability to commit such a crime, the defendant produced two character witnesses who testified that his reputation in the community for sobriety, good order, peace, and morality was good. While cross-examining the first character witness, a police officer who had known the defendant for years, the prosecuting attorney holding a piece of paper, asked:

"Q * * * have you heard that on January 20, 1967, Mr. Boyce Leonard Woods was arrested for malicious mischief?

"A No I haven't.

"Q Have you heard that on July 16, 1968 Mr. Boyce Leonard Woods was arrested for night prowling?

"A No I haven't."

The defendant objected to the questions and the use by the prosecuting attorney of the paper, which had not been entered into evidence, in such a manner as to indicate its support for the questions asked. The Trial Court did not rule on the objection, but cautioned that the defendant had been acquitted of the charges mentioned.

The prosecuting attorney next engaged in the following colloquy in the cross-examination of the same witness:

"Q Detective Evans, have you ever heard that the defendant Boyce Leonard Woods has molested other girls?

"A No, I have never heard it.

"Q In the gospel singers or—

"A No, I haven't."

The defendant then called another character witness, a policewoman, who was cross-examined by the State in the same manner. The defendant objected. A side-bar conference revealed that there was no record of any such occurrences and no bases for the questions. The Trial Judge held this line of questioning prejudicial, upheld the objection, and admonished the prosecutor for asking these questions a second time. Later, the State offered rebuttal testimony from the source of the alleged rumor. The prosecutor was surprised when the witness denied having heard people talk about the defendant's decency.

We agree with the defendant that the stated questions on reputation for arrests and for molestation of others, including members of the choral group, were unsupported on the record and constituted prejudicial error, especially in this very close case upon the issue of consent.[1] See State v. Boyd, Del.Super., 8 Terry 370, 91 A.2d 471 (1952). There was no basis on the record for the questions and no corrective instruction to the jury. Upon the facts of this case, the Trial Court should have

---

1. The evidence revealed no indications of a struggle, threats, bruises, or torn or stretched clothing.

moved *sua sponte* to take corrective action under the Plain Error Rule. 13A Del. C.Ann.Super.Ct. Crim. Rules 52(b); Bennett v. State, Del.Supr., 3 Storey 36, 164 A. 2d 442 (1960); Hutchins v. State, Del.Supr., 2 Storey 98, 153 A.2d 204 (1959); Johnson v. State, Del.Supr., 215 A.2d 247 (1965). Because of the highly prejudicial nature of this error and the closeness of the case, we cannot say that it was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Accordingly, the judgment below must be reversed and the case remanded for new trial.

## II.

■ We take the occasion to discuss general guidelines for the cross-examination of character witnesses.[2]

The Trial Judge has the duty to protect hearsay reputation testimony from abuse; and the prosecutor has a correlative obligation to display a high degree of care in such cross-examination. See State v. Steensen, 35 N.J.Super. 103, 113 A.2d 203 (1955); People v. Yoshio Futamata, 140 Colo. 233, 343 P.2d 1058 (1959).

■ In situations where there is any reasonable doubt as to the propriety of reputation cross-examination, counsel should seek and the Trial Court should conduct a preliminary inquiry out of the presence of the jury, at which a proffer should be made. This will not only assay the care of the prosecuting attorney but will also weigh the probative value of the offered evidence and possible prejudicial effect. Before allowing such cross-examination, the Trial Court should be satisfied that there is a reasonable factual basis for the subject matter of the hearsay; i. e., the arrest, the conviction, or other pertinent misconduct sought to be adduced. The Trial Court should further be satisfied that the information would ordinarily be

discussed in the community and that the event was not too remote in time or place. If the decision is to admit the hearsay reputation evidence, the jury should be informed of its purpose. Finally, the examination should be conducted in the proper form, on the basis of "have you heard", and not "do you know". See Spencer v. State, Del.Supr., 307 A.2d 794 (1973); compare Comi v. State, 202 Md. 472, 97 A.2d 129 (1953); State v. Raymond, 46 N.J.Super. 463, 135 A.2d 20 (1957).

\*   \*   \*   \*   \*   \*

Reversed and remanded for new trial.

---

2. Another recent case demonstrated difficulties encountered in the examination of character witnesses. Spencer v. State, Del. Supr., 307 A.2d 794 (1973).