Larry D. DeJARNETTE, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Argued Feb. 12, 1975.

Decided May 1, 1975.

Arlen B. Mekler, Wilmington, for defendant below, appellant.

Peter J. Bosch, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

The defendant was convicted of robbery in the first degree and kidnapping. This appeal challenges the propriety of the prosecuting attorney's cross-examination of one of the defendant's character witnesses.

The defendant contends that the Trial Court committed prejudicial error by allowing the character witness to be asked, in this trial on charges of robbery and kidnapping, whether he had heard of defendant's prior arrest for possession of mari-

juana. He argues that the use of such dissimilar offense in cross-examination of his character witness violates the general rule that such cross-examination is ordinarily limited to questions concerning rumors of prior misconduct involving traits of character related to the crime for which the defendant is on trial. Aaron v. United States, 5th Cir., 397 F.2d 584 (1968); 2 Wharton, Criminal Evidence § 426 (13th Ed. 1972).

The record shows that on direct examination by defense counsel the witness was asked to testify as to defendant's "reputation for peace and good order in this community". He replied:

> "Larry and the entire family, very good, and come from a very good home, and Larry has always been a very nice person. I have never known any problem he was in, and the entire family are members of the congregation and have been since they have been in the State of Delaware."

Before cross-examination, the prosecuting attorney informed the Court of his intention to ask the character witness if he had heard of the defendant's prior arrest for possession of marijuana in order to show "that he is not that familiar with this defendant's reputation". Defendant objected because "the possession of marijuana would not be the kind of crime that would be against the peace and good order", and thus would not be relevant to rebut the suggestion that the defendant did not possess the disposition to commit the crimes of violence for which he was being tried. The Trial Judge allowed the question after applying the general guidelines for cross-examination of character witnesses set out in Woods v. State, Del.Supr., 315 A.2d 589 (1973). After the cross-examination, the Trial Judge informed the jury that its sole purpose was "to test the witness' knowledge of the defendant's reputation", and that defendant's prior arrest for marijuana possession "has no bearing in this case ex-

cept to permit you to evaluate the witness' judgment of the defendant's reputation in the community * * *."

It appears that the defendant undertook to establish his good reputation, and thereby opened the door to cross-examination intended to test the knowledge of the witness as to contradictory community opinion.

The Trial Judge has wide discretion in ruling upon the scope of such cross-examination. Steigler v. State, Del.Supr., 277 A. 2d 662 (1971). Upon the facts of this case, we cannot say that the Trial Judge abused that discretion.

■ A broad cross-examination is justified in order to subject the defendant's evidence of good reputation "to tests of credibility designed to prevent him from profiting by a mere parade of partisans". Michelson v. United States, 335 U.S. 469, 479, 69 S.Ct. 213, 220, 93 L.Ed. 168 (1948). The character witness here not only testified that defendant's reputation for peace and good order was good, but also that "I have never known any problem he was in". Such negative proof of good reputation is permitted. Valent v. State, 3 W.W.Harr. 407, 138 A. 643 (1927). Its clear effect is to create the impression that the witness has never heard that the defendant was in any other trouble.

The purpose of the cross-examination in question was not to establish defendant's bad reputation, but to damage the basis of the testimony of the character witness as to the defendant's good reputation—to test the extent and accuracy of that witness' knowledge of the reputation of the defendant by showing that the witness was not actually aware of the reputation concerning which he had just testified.

■ The propriety of cross-examination of a defendant's character witness in a particular case depends, to an extent, on the purpose of that cross-examination. "It is not only by comparison with the crime

on trial but by comparison with the reputation asserted that a court may judge whether the prior arrest should be made subject of inquiry * * *. The cross-examination may take in as much ground as the testimony it is designed to verify." Michelson v. United States, supra, 335 U.S. at 483–484, 69 S.Ct. at 222.

Rumors of the defendant's arrest for possession of marijuana, if acknowledged by the witness on cross-examination, would have weakened, if not entirely discredited, his assertion that "I have never known any problem he was in". See 3A Wigmore, Evidence § 988. In the light of that assertion and the Trial Judge's cautionary instructions, we find no error in allowing the challenged cross-examination.

The defendant's contention that the prosecuting attorney questioned the character witness as to his actual knowledge of the factual details of defendant's arrest for possession of marijuana is without merit.

Affirmed.