STATE OF NEW JERSEY, PLAINTIFF, v. ROBERT
CAMPBELL, SR., DEFENDANT.

Superior Court of New Jersey
Law Division Morris County

Decided May 12, 1986.

*Karin M. Kelly,* for plaintiff (*Lee S. Trumbull,* Morris County Prosecutor, attorney).

*Patricia M. Fruehling,* for defendant (*Adamczyk & Fruehling,* attorneys).

MACKENZIE, J.S.C.

A Morris County Grand Jury returned an indictment charging defendant with aggravated sexual assault (two counts) in violation of *N.J.S.A.* 2C:14–2a.(2)(a), with sexual assault in violation of *N.J.S.A.* 2C:14–2c.(4), and with aggravated criminal sexual contact in violation of *N.J.S.A.* 2C:14–3a. The victim in each instance was his teenage daughter. A petit jury found him guilty as charged on all four counts.

At the trial, the court excluded evidence of defendant's two prior criminal convictions because of their remoteness. *See State v. Sands,* 76 *N.J.* 127, 144–145 (1978).[1] The records

---

[1]Under *Evid.R.* 4, a trial judge may exclude evidence of a prior conviction which otherwise would be admissible by virtue of *N.J.S.A.* 2A:81–12, if defend-

showed that defendant had pleaded guilty in 1964 to carnal abuse in violation of *N.J.S.A.* 2A:138–1 and in 1969 to receiving stolen property in violation of *N.J.S.A.* 2A:139–1. In considering the lapse of time, 22 years and 17 years respectively, his youthfulness, the nature of the prior sexual offense particularly, and that his crimes did not involve a lack of veracity, dishonesty or fraud, the court determined that the prejudicial effect upon the defendant substantially outweighed the relevance with respect to credibility of defendant. Defendant then sought a ruling that the State could not use either conviction in questioning any character witnesses defendant might call. This opinion is written to expand the reasons given at trial to bar this form of cross-examination.

ant persuades the judge that the prior conviction is only remotely probative of defendant's credibility. As *Sands,* instructs:

> Remoteness cannot ordinarily be determined by the passage of time alone. The nature of the convictions will probably be a significant factor. Serious crimes, including those involving lack of veracity, dishonesty or fraud, should be considered as having a weightier effect than, for example, a conviction of death by reckless driving. In other words, a lapse of the same time period might justify exclusion of evidence of one conviction, and not another. The trial court must balance the lapse of time and the nature of the crime to determine whether the relevance with respect to credibility outweighs the prejudicial effect to the defendant. Moreover, it is appropriate for the trial court in exercising its discretion to consider intervening convictions between the past conviction and the crime for which the defendant is being tried. When a defendant has an extensive prior criminal record, indicating that he has contempt for the bounds of behavior placed on all citizens, his burden should be a heavy one in attempting to exclude all such evidence. A jury has the right to weigh whether one who repeatedly refuses to comply with society's rules is more likely to ignore the oath requiring veracity on the witness stand than a law abiding citizen. If a person has been convicted of a series of crimes through the years, then conviction of the earliest crime, although committed many years before, as well as intervening convictions, should be admissible. [76 *N.J.* at 144–145]

*Sands* requires that *Evid.R.* 4 considerations be applied to determine the admissibility of a prior criminal conviction of any witness to affect his credibility. *See State v. Balthrop,* 92 *N.J.* 542, 544–546 (1983); *Vartenissian v. Food Haulers, Inc.,* 193 *N.J.Super.* 603, 610–611 (App.Div.1984).

Defendant offered to call Barbara White to attest to defendant's reputation in the community as a "good family man." *See Evid.R.* 47.[2] At a hearing conducted under *Evid.R.* 8(1), White demonstrated to the court an adequate factual basis for her knowledge of his present reputation in the community. *See Evid.R.* 63(28). Her knowledge of Campbell's reputation as a "good family man" was, however, limited to the period of time that she knew him, approximately the last five or six years. If her reputation testimony was accepted by the jury, the jury could infer that such a "good family man" would not be involved in an incestuous relationship with his daughter and thus negate the substantive elements of the crimes charged.

■■ In situations when the propriety of such cross-examination of a character witness is in doubt, counsel should seek and the court should conduct a preliminary inquiry out of the presence of the jury at which a proffer should be made. The proffer will enable the court to weigh the probative value of any conviction as well as its potential prejudicial effect. Before allowing such cross-examination, the court should not only be satisfied that the conviction was of defendant, but also that the conviction was not too remote in time, place, or character. *State v. Williams,* 16 *N.J.Super.* 372, 376 (App.Div.1951). The court should further be satisfied that the information would

---

[2]*Evid.R.* 47 reads as follows:

Subject to Rules 48 and 55, a trait of character offered for the purpose of drawing inferences as to the conduct of a person on a specified occasion may be proved only by: (a) testimony in the form of opinion, (b) evidence of reputation, or (c) evidence of conviction of a crime which tends to prove the trait. Specific instances of conduct not the subject of a conviction of a crime shall be inadmissible. In a criminal proceeding, evidence offered by the prosecution of a trait of character of the defendant on trial may be admitted only if the judge has admitted evidence of good character offered by the defendant. Character evidence offered by the defendant may not be excluded under Rule 4. The credibility of a character witness testifying on behalf of the defendant may not be impaired by an inquiry into his knowledge of the defendant's alleged criminal conduct not evidenced by a conviction.

ordinarily be discussed in the community and thereby known to the witness. *State v. Steensen,* 35 *N.J.Super.* 103, 109 (App. Div.1955). Lastly, the convictions must be relevant to the character trait defendant has put in issue. *Ibid.; State v. Williams,* 16 *N.J.Super.* at 376. *See also Rules of Evidence,* Comment 8 to *Evid.R.* 47 (Anno.1986).

The court precluded the State from examining White about defendant's convictions. As pointed out in *State v. Steensen,* the court always may exercise discretion to limit the scope of cross-examination of any witness to ensure that it does not exceed proper bounds. 35 *N.J.Super.* at 109. The trial judge has the duty to protect reputation testimony from abuse. *State v. Raymond,* 46 *N.J.Super.* 463, 468 (App.Div.1957), certif. den. 25 *N.J.* 490 (1957). The prosecutor has a correlative obligation to display a high degree of care in cross-examination. *State v. Steensen,* 35 *N.J.Super.* at 109.

■ Ordinarily, it would be improper to confront a reputation character witness with remote convictions, particularly when defendant's evidence of a good character has been confined to a time reasonably near the time of the offense for which he is on trial. *Cf. State v. Williams,* 16 *N.J.Super.* at 376; *State v. Steensen,* 35 *N.J.Super.* at 108–109. The concept of remoteness with respect to credibility, then, serves a link that connects the *Sands* rule limiting cross-examination of a defendant to a similar exclusionary rule respecting a reputation character witness. *Evid.R.* 47. Convictions which are too remote to have any bearing on defendant's credibility are unlikely to have any probative effect on the credibility of such a character witness.[3]

---

3 A distinction could be drawn between character testimony in the form of opinion and that based, as here, on reputation. *Compare Evid.R.* 47(a) with (b). Opinion depends upon the individual judgment of a witness; reputation represents a supposed community-known fact. A case can be made for allowing an opinion character witness to be confronted with the same remote conviction that cannot be used against a reputation witness. The opinion of a witness may be subject to attack by older convictions because of the subjective

■ The impeachment value of the questions concerning the convictions 22 years and 17 years earlier would have negligible bearing on the credibility of the character witness. This would apply particularly in the instance of White who had known defendant for only the prior five or six years. Accordingly, this court concluded that the convictions were too remote in time to be material on the issue of the witness' knowledge of defendant's reputation. Expressed another way, the prejudicial effect of putting defendant's convictions before the jury far outweighed their probative relevance as to the credibility of White. *See Evid.R.* 4.[4]

*State v. Whittle,* 52 *N.J.* 407 (1968) does not compel a contrary result. There, defendant's 1944 conviction for counterfeiting in the State of Washington was utilized at a 1961 trial in an attempt to impeach his character witnesses. Defendant himself had testified before the character witnesses and was confronted with that conviction. *Whittle* is distinguishable on two bases, one factual, the other legal. Since the jury already knew of Whittle's conviction by the time the character witnesses testified, the conviction could not have taken on fresh, prejudicial significance. Two of the character witnesses dated their acquaintance with defendant prior to 1944, and thus could have expected to have known of his conviction. Further, *Whittle* was decided before *Sands.* At trials held before *Sands,* all convictions were available for impeachment purposes. *See*

---

and personal quality of that judgment. A jury could very well disregard the opinion of a witness who was unaware of such convictions or, if aware, had discounted the conviction in forming his opinion.

At trial, White was testifying about Campbell's reputation but also answered one question, without objection, by giving her own opinion of him.

[4]*Evid.R.* 4 provides:

The judge may in his discretion exclude evidence if he finds that its probative value is substantially outweighed by the risk that its admission will either (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice or of confusing the issues or of misleading the jury.

*State v. Hawthorne,* 49 *N.J.* 130 (1967). With a directional change in decisional law by virtue of *Sands,* the precedential value of *Whittle* is diminished. The policy reasons which are the *Sands* underpinnings are equally pertinent to this situation.

For these reasons, the court ruled that *Evid.R.* 4 barred use of the convictions, even though they would otherwise be admissible under *Evid.R.* 47.