JERMAINE MOYE, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 275, 2009.
Supreme Court of Delaware.
Submitted: January 20, 2010.
Decided: February 17, 2010.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
JACK B. JACOBS, Justice.
This 17th day of February 2010, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:
1. Jermaine Moye ("Moye"), the defendant below, appeals from a final judgment of conviction entered by the Superior Court for third degree burglary.[1] Moye contends that the trial court erred in denying his motion for judgment of acquittal, because there was insufficient evidence that he "broke" into a "building." We find no error and affirm.
2. Around 2:00 a.m. on July 20, 2008, Scott Campbell ("Campbell"), a security guard, was patrolling a construction site when he heard the sound of pipe hitting concrete in an unfinished building nearby.[2] When Campbell went to investigate, he saw a man walking out of the unfinished building carrying a twenty foot length of pipe. Campbell followed the man for about two blocks, yelling at him to stop, but the man responded that Campbell should leave him alone and kept walking away. Eventually, the man ran into an alley and Campbell had his supervisor contact the police.
3. When the police arrived at the scene, Campbell described the thief as a black male, wearing brown pants, a brown T-shirt, and a dark baseball cap. Within twenty minutes, a patrol unit located Moye, who fit the description and was carrying a twenty foot length of pipe. The police drove Moye back to the construction site, where Campbell then positively identified Moye as the man who had taken the pipe.
4. Moye was charged with third degree burglary and misdemeanor theft. At trial, Campbell testified that, at the time of the incident, the building under construction had a concrete floor and a metal roof supported by several iron pillars, but no doors or windows. He also stated that the pipe was lying against an "interior wall." The assistant project manager for the construction company testified that the structure had a roof and walls, but it was not closed in because the wiring inside the walls had not yet been completed.
5. A jury found Moye guilty and the Superior Court sentenced him to one year of incarceration at Level V, suspended for one year at Level III probation for each offense. This appeal followed.
6. Moye claims that the Superior Court erred in denying his motion for judgment of acquittal because there was insufficient evidence he broke into a building. Specifically, Moye claims that (i) evidence of "breaking" is a necessary element of burglary which the State did not prove, and (ii) the area from where he took the pipe was not a "building" within the meaning of 11 Del. C. § 824.
7. We review the denial of a motion for a judgment of acquittal de novo, to determine "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt."[3] Questions of statutory interpretation are also reviewed de novo.[4]
8. Under 11 Del. C. § 824, a person must "knowingly enter[] or remain[] unlawfully in a building with intent to commit a crime therein."[5] The previous version of this section explicitly required that to be found guilty of burglary, the defendant "break[] and enter[] a building, or a room, or any part of a building."[6] Moye argues that the legislature intended to retain the traditional element of "breaking" in the current burglary statute, and that the State did not present sufficient evidence on that element of the crime.
9. As the 1973 Commentary to the Criminal Code explains, the current statute "discards the archaic concept of `breaking.'"[7] The legislature sought to eliminate the "meaningless" distinction between opening a closed door and walking uninvited through an already open door.[8] Thus, an actual "breaking" is not required in order to find the defendant guilty of burglary. Instead, it is sufficient that a person enter or remain on the premises when he is not licensed or privileged to do so.[9] Because actual "breaking" is not a necessary element of burglary, the absence of evidence that Moye "broke" into the building site is not reversible error.
10. Moye argues that the area from where he took the pipe was not a "building" within the meaning of 11 Del. C. § 824, because it was not yet enclosed with exterior walls. Under the Delaware Criminal Code, a building "in addition to its ordinary meaning, includes any structure, vehicle or watercraft."[10]
11. "Building" ordinarily refers to "a relatively permanent enclosed construction over a plot of land," but also includes "either a finished or unfinished product of construction."[11] Thus, the fact that construction of the schools was not complete does not mean that it was not a building for purposes of Section 824.[12] In addition, the inclusion of "any structure" in Delaware's statutory definition of a "building" gives a broader meaning to the word. A "structure" is generally defined as "any construction, production, or piece of work artificially built up or composed of parts purposefully joined together."[13] That definition does not require enclosure. Thus, the unfinished building also satisfies the definition of a structure.
12. Viewing the evidence describing the area from where Moye took the pipe, in the light most favorable to the State, the jury, as a rational trier of fact, could have found beyond a reasonable doubt that the pipe was taken from a "building."
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFIRMED.
NOTES
[1] 11 Del. C. § 824. Moye was also found guilty of misdemeanor theft under 11 Del. C. § 841, but does not appeal that conviction.
[2] The buildings were intended to be used as schools when construction finished.
[3] Monroe v. State, 652 A.2d 560, 563 (Del. 1993) (citations omitted).
[4] Dickerson v. State, 975 A.2d 791, 797 (Del. 2009).
[5] 11 Del. C. § 824 (2009).
[6] 11 Del. C. § 395 (1972); see Delaware Criminal Code with Commentary, § 824 (1973) (describing the repealed statutes replaced by § 824); see also Freeman v. State, 242 A.2d 311, 311 n.2 (Del. 1968).
[7] Delaware Criminal Code with Commentary, § 829 (1973).
[8] Delaware Criminal Code with Commentary, § 824 (1973).
[9] See Pauls v. State, 476 A.2d 157, 158-59 (Del. 1984) (holding that reentry into a store in defiance of an order to leave satisfies the definition of burglary). 11 Del. C. § 829(d).
[10] 11 Del. C. § 222(1).
[11] Random House Dictionary 274 (2d ed. 1987).
[12] See Smith v. State, 485 S.E.2d 572, 573 (Ga. Ct. App. 1997) (holding that a "building" under the burglary statute includes a house under construction which is so far completed as to be capable of providing shelter); Clark v. State, 33 N.W. 436, 438 (Wis. 1887) (same); People v. Angel, 577 N.Y.S.2d 116 (1991) (holding that a house under construction was a building within the burglary statute); State v. Bronson, 259 N.W.2d 465, 466 (Minn. 1977) (holding that a structure with one wall missing due to construction was a "building" for purposes of the burglary statute because it could in fact provide shelter for people).
[13] Black's Law Dictionary 1559 (9th ed. 2009).