PRICE J. DRAPER, Appellant, v. STATE OF DELAWARE, Appellee.

(*December* 4, 1958.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*John Biggs, III*, for appellant.

*Alexander Greenfeld*, Deputy Attorney-General, for appellee.

Supreme Court of the State of Delaware, No. 22, 1958.

WOLCOTT, J.:

This is an appeal from a conviction by a jury on an indictment for burglary in the fourth degree committed at the Middletown Service Center on May 6, 1957. The defendant argues for a new trial because of alleged prejudice arising from the offer before the jury of inadmissible evidence in support of three other indictments ultimately disposed of by the trial court's order for judgments for acquittal.

The defendant was tried on four indictments consolidated for trial. These indictments are briefly described as follows:

No. 294—Burglary in the fourth degree of the Middletown Service Center on May 6, 1957.

No. 295—Burglary in the fourth degree of Cochran's Garage in Middletown on May 5, 1957.

No. 296—Burglary of Cochran's Liquor Store in Middletown on May 5, 1957.

No. 297—Burglary of the Short and Walls Lumber Company in Middletown on April 4, 1957.

After the return of the four indictments by the Grand Jury the Superior Court appointed as counsel for the defendant a member of the Bar of New Castle County, who does not represent the defendant in this court.* After arraignment of the defendant the State moved for consolidation of the indictments for trial. The defendants' counsel not objecting, the four indictments were consolidated and came on for trial.

---

*Defendant's present counsel was appointed for purposes of this appeal.

In support of Indictments Nos. 296 and 297 the State offered in evidence an adding machine which was identified as the property of Short and Walls Lumber Company, and certain liquor bottle labels identified as those of the Cochran Liquor Store, all of which had been seized by Delaware police at the defendant's rooms in the City of Philadelphia. The seizure occurred as the result of a search of the rooms made with the permission of the landlady of the defendant but without his knowledge and without a legally issued search warrant.

There was apparently no evidence at all offered to connect the defendant with the burglary of Cochran's Garage charged in Indictment No. 295.

Upon this showing, and upon the State's concession that the adding machines and the liquor labels constituted illegally obtained evidence, and that under the ruling of *Rickards v. State*, 6 *Terry* 573, 77 *A.* 2d 199, such evidence was inadmissible in a criminal prosecution, the trial court ordered judgment of acquittal entered on each of Indictments Nos. 295, 296 and 297. The correctness of this ruling is not before us.

After the entry of the judgments of acquittal, the trial court then gave the following instruction to the jury:

"The Court: Members of the jury, by reason of the application of certain rules of law, the Court has disposed of three of the four indictments before you. You will not receive for decision any of the cases presented by the State except the case involving the Middletown Service Center. That case is not disposed of by the Court and that case must be disposed of by you.

"You should remember, however, for the rest of the presentation, that you are to give full and careful consideration to the case involving the Middletown Service Center, and you must not let your consideration be colored in any way by the Court's disposition of the other cases. Try to erase from your thinking the other cases, and try to consider this Middletown Service Center case as a case all by itself, worthy of your careful con-

sideration, without any effect to be, or implication, to be drawn from what the Court has done in the other three cases."

Indictment No. 294 was ultimately submitted to the jury for its verdict. The evidence in support of this indictment may be briefly summarized as follows :

At approximately 3:00 a. m. on May 6, 1957, a Middletown police officer in making his rounds in a police car checked the premises occupied by Middletown Service Center, a filling station and garage, and saw a car pull away from the service center and an individual walking toward the adjacent premises occupied by Dairy Queen. The police officer drove his car toward the individual, lighting him up in the headlights, and observed the individual to be approximately six feet in height, of medium build and colored skin, and wearing a gray coat and trousers and no hat. He testified he saw this individual clearly in his headlights. Following the individual in the police car, the police officer lost sight of him behind the Dairy Queen. He stopped his car and turned a spotlight mounted on it upon a field in back of the Dairy Queen. Thereupon, an individual jumped up at a distance of about 300 feet and ran. The officer fired two shots at the fleeing individual who nevertheless continued his flight and disappeared behind a hedge 700 to 800 yards away.

At approximately 6:15 a. m. on the same day, the Middletown police officer again checked the Middletown Service Center and saw evidence that it had been burglarized. The officer then proceeded along Lake Street in Middletown and passed an alley in which he noticed an individual wearing a gray coat and green pants. He turned his car into the alley and chased the individual who fled. In the course of fleeing, the man fell down three times because the green pants kept slipping down and tripping the fleeing man. Finally, the police officer captured at gun point the individual who turned out to be the defendant.

The gray coat the defendant was wearing at the time of his capture had green stains on it and the green pants which were

of much too large a size for him had been put on over gray trousers matching the gray coat.

In the rear pocket of the green pants was found a bundle of checks imprinted with the name "Middletown Service Center", and upon the defendant's person was found a screwdriver identified as belonging to the Middletown Service Center.

The green pants taken from the defendant were identified as part of a Texaco uniform worn by the employees at the Middletown Service Center and there was testimony that a pair of Texaco green pants was missing from this Service Center.

On this evidence the jury convicted the defendant.

Now appealing, the defendant makes two arguments. First, he argues that the submission to the jury of Indictment No. 294 was erroneous because the offer of the illegally seized evidence in support of the other indictments was prejudicial to the defendant in his trial on Indictment No. 294. Secondly, the defendant argues that he was denied due process of law because the State did not inform his then counsel that it planned to offer in the trial illegally obtained evidence, thus denying the defendant his right to move in advance of trial to suppress such evidence. See Criminal Rule 41(e), Superior Court, *Del. C. Ann.*

With respect to the first question, we note that the four indictments were consolidated for trial without objection from defendant's counsel. It is obvious, therefore, that defendant must have anticipated that the State would necessarily offer evidence in support of the other indictments. He may not, therefore, object that such evidence was in fact offered since it was with his consent that the four indictments were consolidated for trial. Under the circumstances, therefore, evidence in proof of other crimes committed by the defendant cannot be regarded as prejudicial to him since he, himself, invited it by his failure to object to the consolidation for trial.

In passing, we note the question of the propriety of this consolidation of indictments for trial is not before us. We

point out, however, that unless offenses are indictable in the same indictment they ordinarily are not proper for consolidation. Criminal Rule 13, Superior Court.

But the defendant seems to argue that the fact that the other evidence was illegally obtained and was therefore inadmissible to prove those crimes makes the offer of it before the jury prejudicial to his trial on the remaining indictments, despite his consent to a consolidation.

The inadmissibility of the evidence does not alter the fact that the defendant invited proof to support the other charges by his failure to object to consolidation of the indictments for trial. The consolidated trial of necessity required the submission of evidence of the four crimes. The defendant must be presumed to have anticipated this and to have considered the circumstances not prejudicial to his possibility of a successful defense to all four indictments. By a fortuitous circumstance, certain of the evidence became technically inadmissible against the defendant but by what process of reasoning does that circumstance make the evidence more prejudicial than it would have been had it been properly obtained and thus admissible to prove the defendant guilty of the two additional crimes?

There is no showing in this record that the State acted in other than good faith when it offered the adding machine and liquor labels in evidence. It was only after the offer and admittance into evidence that it appeared from an examination of the police officer that the evidence had been improperly obtained. And it was then only at the instigation of the trial judge, himself, that counsel on both sides became aware of the possible illegality of the obtaining of the evidence and of its inadmissibility under the rule of the *Rickards* case.

Furthermore, the trial judge by his instruction to the jury to disregard all of the "cases" except Indictment No. 294 put the State's case in proper posture for consideration by the jury. It is true, as defendant argues, that the trial judge did not in specific terms instruct the jury to disregard this "evidence", but

the instruction given which we have quoted heretofore can be interpreted in no other way than as an instruction to the jury to disregard everything about the other three cases. This seems clear from his admonition "to give full and careful consideration to the case involving the Middletown Service Center, and * * * not [to] * * * let your consideration be colored in any way by the Court's disposition of the other cases. Try to erase from your thinking the other cases * *."

The defendant cites *State v. Boyd*, 8 *Terry* 370, 91 *A.* 2d 471, in support of his argument that under the circumstances the trial court had no alternative but to declare a mistrial in the case at bar. The *Boyd* case is clearly distinguishable. In it, where the evidence for the State and for the defendant was in close balance, and the guilt of the defendant was not clear, a police officer in his testimony answered in such a way as to make .it clear that the defendant had a prior police record. Upon this showing, a new trial was awarded. But the court—incidentally, the same trial judge sitting in the case at bar—went on to say, "This is not a case where the evidence of guilt is strong and convincing. Indeed, the State adduced no more than the minimum evidence necessary to support a conviction."

In the case at bar, in our opinion, the evidence of guilt is strong and convincing and leaves no doubt but that the defendant was guilty of burglarizing the Middletown Service Center. The case is, therefore, clearly distinguishable from *State v. Boyd.*

█ The defendant, in an attempt to produce doubt, has tried to supplement the record before us with the affidavit of one Otis Jefferson to the effect that the green pants which the defendant was wearing when apprehended had been in his possession for some time prior to the burglary and had been loaned by him, Otis Jefferson, to the defendant.

A record before us may be supplemented in no such manner. If the facts appearing in the Jefferson affidavit be considered as in the nature of new evidence warranting a new trial,

the proper manner in which to proceed would be for a motion to remand for the purpose of filing a motion under Criminal Rule 33(b), Superior Court.

 Finally, defendant argues that he has been deprived of due process of law because of the failure of the State to notify him of its possesion of illegally obtained evidence. The short answer to this contention is that it appears that the prosecuting officer did not know that the particular evidence had been illegally seized. And, furthermore, we think the defendant's willing acquiescence in the consolidation of the indictments for trial effectually refutes his present claim of denial of due process of law. The defendant received a fair trial, and was convicted on clear and convincing proof.

The judgment of conviction below will be affirmed.