WILLIAM T. MERRITT, Appellant, v. STATE OF DELAWARE, Appellee.

*(April* 20, 1966)

WOLCOTT, C.J., and CAREY and HERRMANN, J.J., sitting.

*James F. Kipp,* Asst. Public Defender, for appellant.

*Ruth Ferrell,* Deputy Atty. Gen., for the State.

Supreme Court of State of Delaware, No. 72 1965.

No. 72, 1965.

WOLCOTT, Chief Justice.

This is an appeal from a conviction in the Superior Court of burglary in the fourth degree. Merritt raises for our decision the single question of whether or not due process under the 14th Amendment of the Federal Constitution and under Article I, Section 7, of the

Delaware Constitution, *Del.C.*Ann., has been denied him.

The facts assumed are these: Merritt, along with others, was indicted for a burglary which took place at a warehouse where, apparently, all of the accused worked. Merritt soon after retained counsel. The case was on the argument list for the December Term, 1964, but did not come to trial. On January 5, 1965, Merritt's counsel obtained an order permitting him to withdraw as counsel for Merritt. It does not appear that Merritt was notified of his counsel's intention to withdraw from the representation, or that he consented to such withdrawal. It does appear, however, that a copy of the order permitting counsel to withdraw was sent Merritt by certified mail, but that the letter and its contents were returned to the sender because Merritt, who was free on bail, had changed his residence. We think it plain that Merritt, until he appeared in court for trial on April 8, 1965, had no knowledge that his counsel had been granted leave to withdraw from the case.

At the call of the trial calendar on April 8, 1965, Merritt stated to the court that he was without counsel. The court then appointed the Public Defender to represent him and instructed him to consult with Merritt, allowing him thirty minutes to do so, despite the Public Defender's request for a continuance in order to consult adequately, determine whether witnesses should be summoned in Merritt's behalf and, in general, prepare for trial. Nevertheless, at the end of approximately thirty minutes, at the direction of the court, the trial commenced, resulting in a verdict of guilty.

It is stated to us as a representation that there were witnesses who could have been called in Merritt's behalf whose testimony might well have resulted in his acquittal, particularly in view of the fact that despite his lack of defense it took the jury over two hours of deliberation to convict Merritt on the testimony of two of his fellow-employees, both of whom had pleaded guilty to identical charges and who have subsequently received probation.

We think it fundamental that the denial of the assistance of

counsel to a criminal defendant is a denial of due process of law, both under the Federal and Delaware Constitutions. There can be no argument concerning this proposition. The State, however, argues that as a matter of fact Merritt was not denied the right to counsel but, on the contrary, was supplied with counsel by the State, itself.

Of course, counsel was appointed but the appointment of counsel without, at the same time, giving him opportunity to consult with the defendant and prepare his defense is the denial of the effective assistance of counsel, which both Constitutions guarantee the defendant. *Avery v. State of Alabama,* 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377, *Hawk v. Olson,* 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61; *People v. Shiffman,* 350, Ill. 243, 132 N.E. 760; *McArver v. State,* 114 Ga. 514, 40 S.E. 779, and *Creed v. United States,* D.C.Mun.App., 156 A.2d 676.

We think Merritt, on the assumed facts as they have been stated to us, and as they are contained in two affidavits by which Merritt seeks to supplement the record before us, was deprived of the effective assistance of counsel in contravention of the 14th Amendment and of Article I, Section 7, of the Delaware Constitution.

Two considerations lead us to this conclusion. First, we think it was error to permit counsel to withdraw from a representation in the absence of any notice whatsoever to his client. Indeed, we would have supposed the first step in obtaining the court's permission to withdraw would have been notice to the client of the intention to withdraw. The result was, as far as the record before us indicates, that Merritt appeared in court for trial with the mistaken belief that he had a lawyer and learned for the first time that he had none.

Second, if it is true, Merritt alleges, that given a reasonable time he could have produced witnesses who would have materially aided his defense, the refusal to give him that time, particularly in view of the first consideration mentioned, was to force him to trial without an adequate opportunity to prepare a defense.

Under these circumstances, we are of the opinion that the denial of the requested continuance was an abuse of discretion sufficient to require that a new trial be ordered.

Since, however, the facts and circumstances we have related do not appear in the record upon which the appeal has been taken, but appear in affidavits which are not properly a part of the record before us, we will remand the cause with authority and instructions to ascertain the facts. If the facts then ascertained are found to be as we have related them, the remand will further instruct that the conviction of Merritt be set aside and a new trial granted.

In thus disposing of this case, we do not intend to imply approval of attempts to supplement the record before us by affidavits. On the contrary, we expressly disapprove such practice as being contrary to the established procedures of this Court.