Larry WARREN

v.

The STATE of Delaware.

Superior Court of Delaware,
New Castle.

Sept. 19, 1973.

Arlen B. Mekler, and James L. Jersild, Wilmington, for appellant.

Edward C. Pankowski, Jr., Deputy Atty. Gen., for State.

OPINION

CHRISTIE, Judge.

This is an appeal from a conviction in the Court of Common Pleas of assault and battery on a police officer. The crime was alleged to have occurred November 14, 1972. The question to be decided is whether or not appellant (hereinafter referred to as defendant) was denied the right to counsel guaranteed by the Fourteenth Amendment when he appeared for trial January 31, 1973, without having made arrangements for representation.

Before he was arraigned in the Court of Common Pleas [1] on January 12, 1973, defendant had been informed by written notice dated December 20, 1972, that should he intend to consult counsel, he should do so prior to arraignment. Also embodied in the notice, which defendant signed, was the following statement:

> "If you cannot afford an attorney and wish to apply for assistance, contact the Public Defender's Office immediately either in person or by telephoning for an appointment. Their address is:
> Public Defender's Office
> Room 111, Odd Fellows Bldg.
> 10th and King Streets
> Wilmington, Delaware 19801
> (Telephone No. 658–7131)"

Defendant entered a plea of not guilty without the assistance of counsel and was informed that he should immediately obtain counsel for trial.

1. Defendant had initially been arraigned on November 14, 1972, in Justice of the Peace Court before the case was transferred to the Court of Common Pleas.

Defendant appeared before the Court on the date set for trial, January 31, 1973, without having contacted counsel during the interim between arraignment and trial. He was represented by the Public Defender but had given the Public Defender no chance to prepare his defense. At the outset of the trial, the Public Defender requested a continuance on the ground that there had been insufficient time to prepare a defense. It appears that the Public Defender had met defendant for the first time approximately ten minutes before the trial began. The request for a continuance was denied and defendant was tried and convicted. The denial of the requested continuance constitutes the basis for defendant's appeal.

Defendant contends that the denial of his request for a continuance constituted a denial of his right to effective counsel in that there had not been sufficient time in which to prepare a defense. In United States v. Helwig, 159 F.2d 616 (C.A. 3, 1947), counsel was appointed only one minute before trial for an indigent defendant who had been held in custody. The Court held:

"We are of the opinion that counsel for an indigent defendant, held in custody, must be appointed by the court sufficiently far in advance of trial to enable counsel adequately to prepare the defense. In the case at bar the period given for preparation was too brief."

In the case at bar defendant had not been held in custody prior to trial. He had been informed that if he intended to consult counsel he should do so prior to arraignment. He was also told, in writing, that he should contact the Public Defender's Office if he wanted an attorney and could not afford one. The notice also set forth the address and telephone number of the Public Defender's Office. It appears that defendant had sufficient time to contact an attorney if he wanted to do so.

In the case of Merritt v. State, Del.Supr., 219 A.2d 258 (1966), the Public Defender, appointed to represent the defendant thirty minutes prior to trial, requested a continuance so as to prepare a defense. The request was denied and, on appeal, the Supreme Court held that such denial constituted an abuse of discretion. The Court stated that "the appointment of counsel without, at the same time, giving him opportunity to consult with the defendant and prepare his defense is the denial of the effective assistance of counsel . . . ."

The facts in the *Merritt* case, *supra,* however, reveal that the defendant had secured counsel several months before trial and had not been informed that his attorney had obtained an order permitting him to withdraw from the case. The defendant, therefore, appeared for trial without knowing that his attorney no longer represented him.

In the case before the Court, defendant knew that he did not have an attorney and that it was up to him to make the necessary arrangements to get an attorney. It was conceded at oral argument before this Court that defendant had had adequate time in which to obtain counsel and that he had been negligent in failing to do so. Defendant asserts, however, that his negligence did not constitute an intentional waiver of his constitutional right to the effective assistance of counsel.

Under the circumstances of this case defendant was not denied effective assistance of counsel by the ruling of the Court, rather he limited the amount of assistance he got by his own lack of action. There was no abuse of discretion on the part of the Court of Common Pleas in proceeding with trial.

The conviction is affirmed.

It is so ordered.