MARVIN T. BURTON, JR. Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 335, 2008
Supreme Court of Delaware.
Submitted: January 28, 2009.
Decided: March 4, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 4th day of March 2009, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:
1. Marvin Burton, the defendant below, appeals from the denial by the Superior Court of a Rule 61 motion for post-conviction relief. On appeal, Burton argues that the trial court erroneously denied that motion which was based, in part, on a claim of ineffective assistance of counsel. Given the serious nature of the charges, the fact that Burton's Rule 61 motion was filed pro se, and that the alleged new evidence has not yet been considered by the Superior Court, we remand for further proceedings limited to Burton's ineffective assistance of counsel claim.
2. Burton was arrested on October 6, 2004, and indicted on October 25, 2004 on charges of First Degree Rape, Second Degree Rape and Second Degree Unlawful Sexual Contact. Burton's daughter, the alleged victim, who was eleven years old at the relevant times, claimed that on at least three occasions Burton had sexually abused and raped her. All three incidents allegedly occurred while the victim was staying at Burton's parents' house in 2004, with the two most serious incidents allegedly occurring in August 2004. Trial began on August 8, 2005. On August 11, 2005 Burton was convicted on all charges.
3. Because of prior convictions for Third Degree Burglary and Third Degree Unlawful Sexual Intercourse, the State moved to declare Burton an habitual offender under 11 Del. C. § 4214.[1] On October 28, 2005, the Superior Court declared Burton an habitual offender and sentenced him to life in prison for each of the two Rape charges, plus two additional years imprisonment for the Unlawful Sexual Contact charge. The Superior Court also imposed special conditions, including a no contact order and sex offender registration.
4. After sentencing, defense counsel filed a notice of appeal on Burton's behalf and a motion to withdraw pursuant to Supreme Court Rule 26(c). The State filed a motion to affirm. After reviewing the record, this Court determined that Burton's appeal was "wholly without merit and devoid of any arguably appealable issue" and granted the motion to affirm.[2]
5. On August 16, 2007 Burton moved pro se for post-conviction relief, raising multiple claims including ineffective assistance of counsel.[3] Burton alleged that his trial counsel was incompetent, failed to interview and subpoena key defense witnesses, and did not allow Burton to testify. On September 4, 2007, trial counsel filed a sworn letter memorandum responding to that motion. Trial counsel explained that he did not mislead Burton or refuse to allow him to testify. Rather, he advised Burton not to take the stand for the strategic purpose of avoiding cross-examination on Burton's prior convictions. After receiving that advice, Burton agreed and chose not to testify. Trial counsel further explained that he did, in fact, contact most of the witnesses Burton claimed were not interviewed or subpoenaed, and found that those witnesses either could not provide the testimony Burton claimed, or that they had no information helpful to Burton's defense.
6. On June 3, 2008, the Superior Court denied Burton's motion without a hearing, finding that Burton's arguments were all without merit.[4] On June 30, Burton filed a notice of appeal, pro se, and on August 14, appellate counsel entered an appearance on his behalf.
7. Although Burton advanced numerous claims of error in his motion for post-conviction relief, on appeal he advances only onethat the Superior Court erred by denying his claim of ineffective assistance of counsel. Moreover, Burton limits that claim to the contention that trial counsel was ineffective by failing to contact, properly interview and subpoena material witnesses, and also by refusing to allow Burton to testify at trial.[5]
8. The State has moved to strike certain affidavits and information included in Burton's appendix that were not part of the record on appeal. These affidavits include: (i) a statement by Marvin Burton, Sr. "that he was not contacted, interviewed or subpoenaed concerning the fact that the alleged victim . . . did not live in our residence from late July through September 2004"; and (ii) a statement by Stacie Brittingham (Burton's sister) that she was not interviewed before the day of trial concerning her testimony, and that the alleged victim did not live in her parent's residence from late July through September 2004 and that that issue was not raised in questioning during her testimony at trial. Also included was a statement by Eric Morris that (i) "he was not contacted, interviewed or called as a witness concerning the fact that the alleged victim . . . did not live at Marvin Burton, Sr. and Vivian Burton's residence from late July through September 2004;" and that (ii) "I would also have testified that [the alleged victim] lived with me approximately 3 weeks during the end of July and August 2004 and she stayed with other individuals until the month of September 2004. . . ."
9. As a general matter, the record on appeal may not be supplemented by affidavits relating facts and circumstances that were not fairly presented to the trial court,[6] and we will not consider such supplemental affidavits. For new evidence to be considered, a party should file a motion to remand to the trial court to determine the facts in light of their new evidence.[7] Here, however, Burton moved for post-conviction relief pro se, without the evidence having been considered by the Superior Court. In such circumstances, some leeway should be granted if, in the interests of justice, the new evidence ought to be considered.[8] For that purpose a remand is appropriate.
NOW, THEREFORE, IT IS ORDERED that this matter is remanded to the Superior Court for further proceedings limited to the ineffective assistance of counsel claim. Jurisdiction is not retained.
NOTES
[1] See generally 11 Del. C. § 4214 (providing for sentencing as an habitual criminal).
[2] Burton v. State, 907 A.2d 145, 2006 WL 2434914, at *1 (Del. 2006) (Table).
[3] Burton claimed that: (1) the indictment was illegal; (2) a Batson violation had occurred; (3) a juror had misled the Superior Court during voir dire; (4) a juror drank alcohol during the trial; (5) Burton was not allowed to testify; (6) Burton was not allowed to call witnesses; (7) prosecutorial misconduct occurred; (8) his sentence was illegal; (9) his trial counsel was ineffective; and (10) his trial counsel failed to interview and call material witnesses. See State v. Burton, 2008 WL 2359717 (Del. Super. Ct. June 3, 2008).
[4] See State v. Burton, 2008 WL 2359717, at *1-6.
[5] "Appellant's counsel has reviewed all of the allegations set forth in the Rule 61 Motion and is limiting argument in this opening brief to the fact that [trial counsel] was ineffective by failing to contact, properly interview and subpoena material witnesses for the disputed allegations made by the alleged victim as well as allowing the Appellant to testify during his trial."
[6] Sup. Ct. R. 8; Merritt v. State, 219 A.2d 258, 260 (Del. 1966); Draper v. State, 146 A.2d 796, 800 (Del. 1958); see also Gateley v. Gateley, 832 A.2d 1251, 2003 WL 22282584, at *2 n.7 (Del. Oct. 1, 2003) (Table) (declining to review documents presented for the first time on appeal).
[7] Compare Merritt, 219 A.2d at 260 (remanding the case with authority and instructions to ascertain the facts) with Draper, 146 A.2d at 800 (refusing to consider new evidence on appeal).
[8] See Yancey v. Nat'l Trust Co., Ltd., 712 A.2d 476, 1998 WL 309819 (Del. May 19, 1998) (Table) (Del. 1998) (noting that some degree of leniency should be granted for pro se appeals); see also In re Estate of Hall, 882 A.2d 761, 2005 WL 2473791 (Del. Aug. 26, 2005) (Table) (noting that we allow pro se litigants some leeway).