IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARVIN T. BURTON, | § | |
| | § | No. 522, 2014 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: |
| | § | Superior Court of the State of |
| v. | § | Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 0410003743 |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: June 15, 2016
Decided:    June 22, 2016

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 22nd day of June, 2016, it appears to the Court that:

(1)    A Superior Court jury convicted Marvin Burton of raping his eleven year old daughter.  Because Burton qualified as a habitual offender, the judge sentenced Burton to two life terms in prison plus two years.  We affirmed Burton's conviction on direct appeal.  The victim then supposedly recanted her testimony that Burton raped her.  The Superior Court explored the truthfulness of the recantation and denied postconviction relief because the victim's recantation was not credible.  Burton then appealed from the Superior Court's denial of his motion for postconviction relief.

(2) In his reply brief on appeal in this Court, Burton noted that the State was investigating whether a prosecutor promised the victim assistance in addressing her own unrelated criminal conduct in exchange for her testimony at Burton's evidentiary hearing. Because of the seriousness of the allegation, we remanded the case and retained jurisdiction to allow the Superior Court to make factual findings on the issue.[1] After two evidentiary hearings, the Superior Court in a detailed decision found that the State did not promise the victim anything for her testimony.[2]

(3) We have carefully reviewed the record on appeal, as supplemented by further proceedings in the Superior Court. Burton's appeal is essentially an argument with the facts found by the Superior Court in all of its evidentiary hearings. Because those facts are supported by the evidence, and we accord those factual findings deference on appeal, we find that the Superior Court did not abuse its discretion in denying Burton's motion for postconviction relief. Accordingly, we affirm.

(4) Burton sexually abused his eleven year old daughter after his release from prison in 2003. In August, 2005, after a four-day trial where the victim testified as the State's primary witness, a jury convicted Burton of first and second degree rape and second degree unlawful sexual contact. Burton qualified as a

---

[1] *Burton v. State*, No. 522, 2014 (Del. June 29, 2015).
[2] *Burton v. State*, Cr. ID No. 0410003743 (Del. Super. Oct. 28, 2015).

habitual offender due to prior burglary and rape convictions. The Superior Court sentenced him to two life sentences plus two years. This Court affirmed Burton's convictions on direct appeal.[3]

(5) Burton filed his first motion for postconviction relief *pro se* on August 16, 2007. On June 3, 2008, the Superior Court denied Burton's motion, finding no merit to his ineffective assistance of counsel claim, and finding that his remaining claims were procedurally barred.[4] On appeal, with the assistance of counsel, Burton filed new affidavits containing facts not previously considered by the Superior Court directed to whether his trial counsel failed to call material witnesses. In March 2009, we remanded to allow the Superior Court to consider the new evidence, and limited the remand to consideration of Burton's ineffective assistance of counsel claim.[5]

(6) On remand, the Superior Court conducted an evidentiary hearing. After completion of post-hearing briefing, but before the Superior Court decided the motion, the victim told an interviewer at the Child Advocacy Center that she had falsely accused Burton of having sex with her. The State told Burton about the supposed recantation, and Burton then filed a motion to reopen and to supplement the record of the evidentiary hearing. In June 2010, the Superior Court denied the

---

[3] *Burton v. State*, 2006 WL 2434914 (Del. Aug. 21, 2006).
[4] *State v. Burton*, 2008 WL 2359717 (Del. Super. June 3, 2008); *see also* Super. Ct. Crim. R. 61(i)(3).
[5] *Burton v. State*, 2009 WL 537194 (Del. Mar. 4, 2009).

3

request as outside the scope of this Court's remand order,[6] and also found without an additional evidentiary hearing that the recantation was not credible.[7] We affirmed the denial of Burton's motion for postconviction relief.[8]

(7) In May 2013, Burton filed his second motion for postconviction relief, which is the subject of this appeal. Burton argued to the Superior Court that his convictions should be vacated and a new trial ordered because the victim had recanted her testimony. The Superior Court held an evidentiary hearing on January 27, 2014. The victim was the only witness, and testified that her father did not sexually abuse her. The Superior Court found that the victim's testimony was not credible, and denied the motion on August 27, 2014.[9] Burton has now appealed from the denial of his second motion for postconviction relief.

(8) In the first round of briefing on this appeal, Burton argued that the Superior Court abused its discretion when it found that the victim's recanted testimony was not credible and denied his motion for postconviction relief. In Burton's reply brief, he noted for the first time that there may have been an agreement in which the State promised the victim something in exchange for her testimony at the January 27, 2014 hearing. The agreement, according to Burton, arose out of discussions between the victim and the Attorney General's office in

---

[6] *State v. Burton*, Cr. ID No. 0410003743 (Del. Super. June 18, 2010).
[7] *State v. Burton*, 2010 WL 3946275, at *17 (Del. Super. Sept. 30, 2010).
[8] *Burton v. State*, 2011 WL 4342636 (Del. Sept. 15, 2011).
[9] *State v. Burton*, 2014 WL 5468874 (Del. Super. Aug. 27, 2014).

connection with an eight year sentence the victim was serving for an unrelated stabbing conviction. The victim supposedly thought she would receive a sentence reduction in exchange for her testimony. Burton noted that the State was investigating whether there was actually such an agreement.[10] After learning this information from Burton's reply brief, we decided once again to remand to the Superior Court to determine the merits of Burton's new argument.

(9) The Superior Court held additional evidentiary hearings on August 31, 2015 and September 9, 2015. The court heard the testimony of the victim, her counsel, the prosecutor, and the prosecutor's assistant. The Superior Court concluded that the State "made no representations to the victim's counsel regarding the victim's request for postconviction relief in exchange for the victim's testimony" before Burton's January 27, 2014 evidentiary hearing.[11] The parties then filed supplemental briefs in this Court, where Burton argued that the Superior Court also erred in finding that there had been no agreement between the State and the victim.

(10) We address in this appeal the merits of Burton's argument made to this Court in 2014 as well as his new contention that the Superior Court abused its discretion in connection with the factual findings it made on remand. The Court

---

[10] On March 10, 2015, Burton became aware of a letter that the victim sent to the prosecutor on November 7, 2014, in which she expressed that she had not received the "relief on [her] conviction" that she believed she had been promised in exchange for her testimony in Burton's postconviction proceedings.

[11] *State v. Burton*, Cr. ID No. 0410003743, at *1 (Del. Super. Oct. 28, 2015).

reviews the Superior Court's decision to deny postconviction relief for abuse of discretion.[12] We address each of Burton's arguments in turn.

(11) Burton first argues that the Superior Court incorrectly concluded after examining the evidence that the victim provided false testimony at trial. Our standard of review for a motion for postconviction relief, and especially as applied to the Superior Court's factual determinations as part of the motion, is deferential.[13] We will only disturb the Superior Court's findings if they are not based on competent evidence or are clearly erroneous.[14] In the specific context of allegedly recanted testimony, the Superior Court will grant a new trial or other appropriate relief if: (1) it is reasonably well satisfied that the testimony of a material witness is false; (2) without the testimony the jury might have reached a different conclusion; and (3) the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.[15]

(12) The Superior Court was not "reasonably well satisfied" that the victim's trial testimony was false. Burton asks this Court to re-weigh the evidence

---

[12] *Neal v. State*, 80 A.3d 935, 941 (Del. 2013).

[13] *See Flamer v. State*, 585 A.2d 736, 754 (Del. 1990) ("[B]ecause the Superior Court . . . had the opportunity to hear the evidence, evaluate the credibility of the witnesses, and review the transcripts of the prior proceedings, this Court will not upset its findings unless an abuse of discretion is evident.").

[14] *See Burrell v. State*, 953 A.2d 957, 960 (Del. 2008) ("A deferential standard of review is applied to factual findings by a trial judge. Those factual determinations will not be disturbed on appeal if they are based upon competent evidence and are not clearly erroneous.").

[15] *Weedon v. State*, 750 A.2d 521, 528 (Del. 2000).

and conclude that the victim's trial testimony was false. In support, he emphasizes the victim's testimony in which she recanted her trial testimony, but ignores the places in the record where she contradicted her recantation[16] as well as the other factors that supported the Superior Court's decision. The court determined that the victim's recantation was not credible because there was record evidence that she was pressured into recanting by various relatives, she admitted that she was motivated to recant by the belief that her father had served enough time, and she made numerous inconsistent statements that were irreconcilable, destroying her credibility.[17] Burton therefore failed to show that the victim's testimony at trial was false. As this conclusion was based on competent evidence in the record and not clearly erroneous, the Superior Court did not abuse its discretion, and Burton's argument is without merit.

(13) Next, Burton contends that the Superior Court abused its discretion when it determined that there was no tacit agreement between the State and the victim. Once again, Burton asks this Court to disturb the Superior Court's factual findings. The victim did testify that the prosecutor promised her that if she gave the same testimony in the January 27, 2014 evidentiary hearing that she gave at Burton's trial, he would help her get her sentence reduced for the unrelated

---

[16] *E.g.*, App. to Opening Br. at 41–42 ("Q: Did you tell [the prosecutor] that [Burton] did not have sex with you? A: Yes. Q: Okay. And was that the truth? A: Was it—no."); *id.* at 58–59; App. to Answering Br. at 33 ("She felt like I was the reason *my dad touched me* . . . .") (emphasis added).

[17] *Burton*, 2014 WL 5468874, at *2–6.

stabbing crimes.[18] The victim's counsel also testified that she believed there was a "tacit agreement" that the prosecutor would "go to bat for" the victim if the victim testified as she did at Burton's trial.[19] But the prosecutor and his assistant gave contradictory testimony, and disclaimed any agreement.[20] The Superior Court concluded that there was no agreement after considering (1) the likelihood that sympathy for the victim that the prosecutor expressed to the victim's counsel was misinterpreted as a "tacit agreement" to help her,[21] (2) the lack of references to an agreement in the record, (3) the fact that the victim had no pending motions before the Superior Court at the time the prosecutor allegedly made the agreement to assist with such motions, (4) the unethical nature of the agreement and the presumption that Delaware attorneys would not enter into such an agreement, and (5) the victim's total lack of credibility contrasted with the prosecutor's credibility.[22]

(14) The Superior Court's finding that there was no tacit agreement has support in the record and is not clearly erroneous.[23] Burton's supplemental brief focuses on the undesirability of secret agreements between the State and witnesses,

---

[18] *State v. Burton*, Cr. ID No. 0410003743, at *5–6 (Del. Super. Oct. 28, 2015).
[19] *Id.* at *1–2.
[20] *Id.* at *6–9.
[21] The Superior Court concluded that misinterpreted sympathy was the most likely source of the victim's counsel's belief that she entered into a tacit agreement with the prosecutor. The prosecutor was the same deputy attorney general who had originally prosecuted Burton, and was very familiar with the victim and the troubled life she had led.
[22] *State v. Burton*, Cr. ID No. 0410003743, at *9–14.
[23] *See Burrell*, 953 A.2d at 960; *Flamer*, 585 A.2d at 754.

8

and this Court is aware of the dangers of agreements of this nature.[24] But our review here is limited to whether the Superior Court abused its discretion in making the factual determination that there was no tacit agreement between the State and the victim. Accordingly, Burton's arguments that the Superior Court erred in denying his motion for postconviction relief and in finding that there was no tacit agreement between the State and the victim are without merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[24] *See Jackson v. State*, 770 A.2d 506, 514 (Del. 2001) (noting the "the troubling nature" of implicit promises of leniency in exchange for the testimony of witnesses).