IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MYNOR RUANO-AVILA, | § | |
| | § | No. 659, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1211023679 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 13, 2016
Decided: September 9, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**ORDER**

This 9th day of September 2016, having considered the appellant's opening brief and supplemental opening brief, the appellee's motion to affirm as supplemented, and the Superior Court record, it appears to the Court that:

(1)     The appellant, Mynor Ruano-Avila, filed this appeal from the Superior Court's order dated November 6, 2015, denying his motion for postconviction relief under Superior Court Criminal Rule 61. The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Ruano-Avila's opening briefs that the appeal is without merit. We agree and affirm.

(2)     Ruano-Avila was arrested on November 30, 2012, for second degree rape, attempted second degree rape, and third degree unlawful sexual contact. The

alleged victim was a female relative of the owner of the house where Ruano-Avila lived. The alleged incident occurred on November 22, 2012.

(3) The warrant for Ruano-Avila's arrest noted, in relevant part, that each of the rape charges was subject to an enhanced penalty under 11 *Del. C.* § 4205A(a)(2) "if the victim is a child less than fourteen (14) yrs old."[1] A defendant who qualifies for sentencing under § 4205A(a)(2) faces a minimum sentence of twenty-five years in prison and can receive a sentence of up to life imprisonment.[2]

(4) The record does not reflect that Ruano-Avila was ever at risk of receiving an enhanced penalty under § 4205A(a)(2) because, in his case, the alleged victim was nineteen years old at the time of the offenses. The birthdate of the alleged victim, December 3, 1992, was included in the arrest warrant and also in the information charging Ruano-Avila with the offenses.

(5) The information filed on April 10, 2013 charged Ruano-Avila with one count each of Rape in the Second Degree and Attempted Rape in the Second Degree and ten counts of Unlawful Sexual Contact in the Third Degree. On September 18, 2013, Ruano-Avila pled guilty to two counts of Rape in the Fourth Degree as lesser-included offenses of Rape in the Second Degree and Attempted Rape in the Second

---

[1] 11 *Del. C.* § 4205A(a)(2) (Supp. 2016) (providing additional penalty for pedophile offenders).
[2] *Id.*

2

Degree. In exchange for Ruano-Avila's plea, the State agreed to dismiss the other charges in the information. Also, the parties made a joint request for a presentence investigation. The State did not make a sentencing recommendation.

(6) Rape in the Fourth Degree is a class C felony, which is punishable by up to fifteen years at Level V imprisonment.[3] Consequently, by pleading guilty to two counts of Rape in the Fourth Degree, Ruano-Avila faced up to thirty years of Level V imprisonment. On November 8, 2013, following the submission of the presentence report, the Superior Court sentenced Ruano-Avila to seven years at Level V followed by probation.

(7) On July 7, 2014, Ruano-Avila filed a timely *pro se* motion for postconviction relief claiming that his guilty plea was involuntary due to the ineffectiveness of his defense counsel. The Superior Court appointed counsel to represent Ruano-Avila in the postconviction proceeding. By letter dated June 29, 2015, Postconviction Counsel advised the court that he had determined, after reviewing the *pro se* postconviction motion, Defense Counsel's case file, and meeting with Ruano-Avila, that there was no good faith basis to pursue a motion for postconviction relief, and that a withdrawal of the "previously entered plea could result in an even worse result than the plea [Ruano-Avila] now seeks to vacate."

---

[3] 11 *Del. C.* §§ 770, 4205(b)(3) (2010 & Supp. 2016).

(8)     In response to Postconviction Counsel's letter, Ruano-Avila submitted a "supporting memorandum" reiterating and expanding upon the ineffective assistance of counsel claims raised in the postconviction motion. Also, the supporting memorandum raised three new claims: (i) that Defense Counsel was ineffective because he negotiated the plea believing, in error, that the victim was under fourteen years old at the time of the offenses; (ii) that the State's failure to disclose the victim's "true age" to Defense Counsel was a violation of *Brady v. Maryland*;[4] and (iii) that Ruano-Avila was not guilty of the charges against him because the nineteen-year old victim consented to the sexual intercourse.

(9)     After considering the motion for postconviction relief, Postconviction Counsel's letter, Ruano-Avila's supporting memorandum, the transcripts of the guilty plea and sentencing, and the other parts of the record, the Superior Court issued an order on November 6, 2015, denying Ruano-Avila's motion for postconviction relief. The November 6 order did not specifically address the claims raised in Ruano-Avila's supporting memorandum; however, the court concluded

---

[4] 373 U.S. 83 (1963). *See Guilfoil v. State*, 2016 WL 943760, at **3 (Del. Mar. 11, 2016) ("Under *Brady* and its progeny, the State's failure to disclose exculpatory and impeachment evidence that is material to the case violates a defendant's due process rights." (quoting *Wright v. State*, 91 A.3d 972, 987 (Del. 2014))).

4

that Ruano-Avila's claims of ineffective assistance of counsel and involuntary guilty plea were without merit. This appeal followed.

(10) In his opening briefs on appeal, Ruano-Avila argues all of the claims that were fairly raised in the postconviction motion and supporting memorandum, and the Court has considered those claims. The Court has not considered, however, a document submitted by Ruano-Avila, because neither the document nor Ruano-Avila's assertions regarding the document were submitted to the Superior Court in the first instance.[5] The State contends, and we agree, that the document constitutes new evidence that cannot be considered on appeal because it was not fairly presented to the Superior Court.[6]

(11) "It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court."[7] When considering an appeal, the Court generally is confined to reviewing "the original papers and

---

[5] The document is a letter dated July 14, 2014 from Defense Counsel to the Office of Disciplinary Counsel. In the letter, Defense Counsel states, in error, that the victim in Ruano-Avila's case "was under the age of 14," and that he "advised [Ruano-Avila] that [the victim], due to her age (less than 14), cannot legally consent to sexual intercourse." Ruano-Avila argues on appeal that the letter supports his claim that Defense Counsel conducted the plea negotiations believing that the victim was under fourteen years old at the time of the offenses.

[6] Del. Supr. Ct. R. 8. *See Burton v. State*, 2009 WL 537194, at *2 (Del. Mar. 4, 2009) ("[T]he record on appeal may not be supplemented by affidavits relating facts and circumstances that were not fairly presented to the trial court, and [this Court does] not consider such supplemental affidavits." (citing cases)).

[7] *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206, 1207 (Del. 1997) (holding that materials not offered into evidence and considered by the trial court are not part of the record on appeal).

exhibits" that were presented to the trial court.[8]   In this case, because the document

submitted by Ruano-Avila is outside of the record on appeal, the Court has not

considered the document or Ruano-Avila's related assertions as part of the appeal.

(12)   In his opening briefs on appeal, Ruano-Avila argues, as he did in the

Superior Court, that the case against him should be "dismissed" on the basis of

ineffective assistance of counsel.   According to Ruano-Avila, Defense Counsel

failed to interview witnesses, failed to file a motion to suppress evidence, forced him

to plead guilty, failed to review the presentence report with him, failed to argue facts

in mitigation at sentencing, and conducted the plea negotiations believing, in error,

that the victim was under fourteen years old at the time of the offenses.  Also, Ruano-

Avila argues, as he did in the Superior Court, that the State violated *Brady v.*

*Maryland*, and that he is innocent of the charges filed against him.

(13)   Having carefully considered the parties' positions on appeal and the

Superior Court record, the Court has concluded that the denial of Ruano-Avila's

motion for postconviction relief should be affirmed on the basis of the Superior

Court's order of November 6, 2015.  When reaching our decision, we considered all

of the claims on appeal, including claims raised by Ruano-Avila but not expressly

---

[8] Del. Supr. Ct. R. 9(a).

6

addressed by the Superior Court. We have concluded that the unaddressed claims either are without merit or are not supported by the record on appeal, or both.

(14) First, no *Brady* violation occurred in this case. Ruano-Avila and Defense Counsel were provided the alleged victim's "true age" in the arrest warrant and the information. Ruano-Avila was arrested for, accused of, and pled guilty to, charges that he raped a nineteen-year old adult. The State did not represent otherwise.

(15) Next, Ruano-Avila's unaddressed claim of ineffective assistance of counsel is without merit because Ruano-Avila has not established, and the record on appeal does not reflect, that Defense Counsel conducted the plea negotiations believing that the victim was under fourteen years old. This comes as no surprise given that, from the outset of the case, Ruano-Avila was charged with having raped a nineteen-year adult. Also, Ruano-Avila has not established, and the record on appeal does not reflect, a reasonable possibility that, but for Defense Counsel's alleged error, Ruano-Avila would not have pleaded guilty and would have insisted on going to trial.[9] Ruano-Avila received a significant benefit from the plea agreement negotiated by Defense Counsel, including convictions to lesser-included

---

[9] *Somerville v. State*, 703 A.2d 629, 631 (Del. Oct. 1997) (providing that to establish ineffective assistance of counsel in the context of a guilty plea, the defendant must demonstrate a reasonable probability that, but for the alleged errors of his counsel, the defendant would not have pleaded guilty but would have insisted on going to trial).

offenses and the dismissal of ten other charges. Had Ruano-Avila gone to trial on the charges in the information, the outcome of the case could have been, and likely would have been, far worse. As it stands, Ruano-Avila is fortunate that the Superior Court sentenced him to only seven years at Level V rather than to the thirty years the court could have imposed for the charges in the plea agreement.

(16) Finally, Ruano-Avila's claim that he is innocent of the charges against him is without merit because it, too, is not supported by the record on appeal. During the guilty plea colloquy, Ruano-Avila admitted that he was guilty of two counts of Rape in the Fourth Degree.[10] A valid guilty plea waives any right to challenge the strength of the State's evidence.[11] In the signed guilty plea form dated June 20, 2013, and during the plea colloquy on September 18, Ruano-Avila indicated that he was freely and voluntarily pleading guilty to two counts of Rape in the Fourth Degree and that he was satisfied with Defense Counsel's representation.[12] Absent clear and convincing evidence to the contrary, Ruano-Avila is bound by those representations.[13]

---

[10] Hr'g Tr. at 6 (Sept. 18, 2013).

[11] *Brown v. State*, 108 A.3d 1201, 1202 (Del. 2015).

[12] *Supra* note 10.

[13] *Somerville v. State*, 703 A.2d at 632.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice